# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| HENRY BURLEIGH,<br><br>       Plaintiff<br><br>v.<br><br>JOHN BALDACCI, MARTIN MAGNUSSON, JEFF MERRILL, ROBERT COSTIGAN, RONALD CREAMER, CHRISTOPHER LARGAY, RANDY OSSINGER, SUSAN COLLINS, OLYMPIA SNOWE, DANIEL PERRY, BANGOR DAILY NEWS, JULIE HARRIS, and JUDY HARRISON,<br><br>       Defendants | Civil No. 05-130-B-C |

Gene Carter, Senior District Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR
## DEFAULT AND GRANTING DEFENDANTS' MOTIONS TO DISMISS

This action was originally filed in the Maine Superior Court, and later removed to this Court by Defendant Daniel Perry.[1]  The Court now has before it Plaintiff's Motion

---

[1] Although counsel for Defendant Perry filed a Notice of Removal in this Court on August 19, 2005, the Maine Superior Court was not notified until September 12, 2005.  The Superior Court is not divested of jurisdiction until it receives notice of the removal.  *See* 28 U.S.C. § 1446(d)("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, *which shall effect the removal* and the State court shall proceed no further unless and until the case is remanded.")(emphasis added).  This careless error caused considerable ambiguity in the dockets of both courts and confusion for some of the other thirteen parties involved in this litigation.

In addition to that mistake, the Court notes that on September 1, 2005, counsel for the removing party filed with this Court a copy of the Superior Court docket and the related filings that were over one week old.  *See* State Court Record (Docket Item No. 6).  Among the missing filings was Plaintiff's Motion to Amend

for Default against Defendants Baldacci, Ossinger, the Bangor Daily News, Julie Harris and Judy Harrison and Motions to Dismiss filed by all Defendants. After careful consideration, the Court will deny Plaintiff's Motion for Default. Additionally, because the allegations in the Amended Complaint are so nebulous, the Court will grant all Defendants' Motions to Dismiss.

Plaintiff's Amended Complaint[2] alleges that he mailed a certified letter to William Leland, an inmate at the Maine State Prison, which contained a $20 money order. The letter, he claims, was returned to Plaintiff opened and without the $20 money order. Plaintiff also alleges that he mailed to Mr. Leland at the prison a book of stamps, which is now missing. Finally, Plaintiff alleges that Mr. Leland was beaten with padlocks by other inmates and as a result Mr. Leland sustained serious injuries.

the Complaint, which was granted by the Superior Court on August 23 and docketed on August 26. On September 9, 2005, even before the removing Defendant notified the Superior Court of the removal, he filed with this Court a document entitled "Notice of Supplement to the Superior Court Docket," which consisted of one document – Plaintiff's opposition to the then pending motions to dismiss. Supplemental State Court Record (Docket Item No. 8). The reason for supplementing the state court record, the removing Defendant later explained, was that the "Plaintiff had apparently mistakenly filed in State court, but not in federal court." Notice of Re-Filing the State Court Record (Docket Item No. 18) at 1. On the contrary, the *pro se* Plaintiff had not made the error, rather the error was the responsibility of counsel for the removing Defendant.

Between filing the Notice of Removal in this Court and notifying the Superior Court of the removal, there were 14 additional docket entries and filings in Superior Court, including three motions to dismiss. Given the lapse in time, the removing Defendant should have provided this Court with a complete copy of the State Court record through the effective removal in Superior Court. However, it was not until October 5, after this Court had requested that the removing Defendant file a complete copy of the Superior Court record, that the entire record was filed in this Court. *See* Procedural Order (Docket Item No. 10); State Court Record (Docket Item No. 19).

[2] The Amended Complaint is the operative document since permission to amend the Complaint was granted by the Superior Court on August 23, 2005, prior to the Superior Court being notified of the removal on September 12, 2005, and, thus, before the Superior Court was divested of jurisdiction. *See* 28 U.S.C. § 1446(d). As discussed, although the removing Defendant had filed a Notice of Removal with this Court on August 19, 2005, he neglected to tell the Superior Court that he was removing the case until three weeks later.

## II. Discussion

### A. Motion for Default

Plaintiff has filed a Motion for Default against Defendants John Baldacci, Randy Ossinger, Bangor Daily News, Julie Harris and Judy Harrison. *See* Docket Item No. 14. With respect to Defendants Bangor Daily News, Julie Harris and Judy Harrison, the record reflects that they were all served on August 5, 2005, and that they filed a timely Motion to Dismiss in Superior Court on August 24, 2005.[3]  The Motion for Default will be denied as to Defendants Bangor Daily News, Julie Harris and Judy Harrison.

With respect to Defendants Baldacci and Ossinger, the record indicates that they were never properly served under the Maine Rules.[4]  Those Rules require that personal service within Maine on Governor Baldacci be made by serving him "and by also sending a copy of the summons and of the complaint by ordinary mail to the Attorney General of the State of Maine." M. R. Civ. P. 4(d)(12).  Plaintiff failed to serve a copy of the summons and of the complaint on the Maine Attorney General.  Thus, Defendant Baldacci was never properly served.  Similarly, service on Defendant Ossinger was deficient.  As to United States Deputy Marshall Ossinger the Maine Rule requires that personal service within Maine be made by serving him and by serving the United States. M. R. Civ. P. 4(d)(7)(Service within Maine is made upon an officer of the United States "by serving the United States and by delivering a copy of the summons and of the

---

[3] On September 27, 2005, when Plaintiff filed his Motion for Default, there was no evidence in the docket of this Court that Defendants Bangor Daily News, Julie Harris and Judy Harrison had filed a Motion to Dismiss in the Superior Court.  It was not until October 5, 2005, that Defendants Bangor Daily News, Julie Harris and Judy Harrison filed a copy of their Motion to Dismiss with this Court reflecting that they had timely filed the motion in Superior Court.

[4] Maine Rules of Civil Procedure control the service of process in this case because the case was commenced in Superior Court and the only process ever issued was from the Superior Court.

complaint to such officer or agency, provided that any further notice required by statute

or regulation shall also be given.").  According to the Maine Rule, service is made on the

United States by sending a copy of the summons and complaint to the United States

Attorney for the District of Maine and the Attorney General of the United States.  *See* M.

R. Civ. P. 4(d)(7)(Service within Maine is made "[u]pon the United States, by delivering

a copy of the summons and of the complaint to the United States attorney for the district

of Maine or to an assistant United States attorney or clerical employee designated by the

United States attorney in a writing filed with the clerk of the United States District Court

for the district of Maine and by sending a copy of the summons and of the complaint by

registered or certified mail to the Attorney General of the United States at Washington,

District of Columbia . . . .").  Plaintiff did not properly serve Defendant Ossinger

because he failed to serve the United States by sending a copy of the summons and

complaint to the United States Attorney for the District of Maine and the Attorney

General of the United States.  Because Defendants Baldacci and Ossinger have never

been properly served, the time for filing a responsive pleading never began to run.  There

has, thus, been no default and the Court will deny Plaintiff's Motion for Default as to

Defendants Baldacci and Ossinger.

### B. Motions to Dismiss[5]

### 1. Defendants As to Whom the
### Amended Complaint Includes No Factual Allegations

The following Defendants have filed Motions to Dismiss: Olympia Snowe, Susan

Collins, Randy Ossinger, Martin Magnusson, Jeff Merrill, Julie Harris and John Baldacci.

---

[5] The Court notes that in addition to Defendants Baldacci and Ossinger, it appears that there are other Defendants who were not properly served.  However, all Defendants have waived this jurisdictional issue by filing Motions to Dismiss.  *See* Fed. R. Civ. P. 12(h)(1).

Docket Item Nos. 3, 4, 11, 20 and 29.  With the exception of Senator Snowe and Senator

Collins being identified as "federal legislators," the sole reference to any of these

Defendants is in the caption of the Amended Complaint.  Since there are no factual

allegations against any of these Defendants, the Court concludes that the Amended

Complaint asserts no viable basis for liability, causation or damages against Defendants

Snowe, Collins, Ossinger, Magnusson, Merrill, Harris and Baldacci.

   **2. Defendants As to Whom the Amended Complaint Includes Factual Allegations**

        The remaining Defendants have also filed Motions to Dismiss for failure to state a

claim pursuant to Rule 12(b)(6): Daniel Perry, Christopher Largay, Robert Costigan,

Ronald Creamer, Bangor Daily News and Judy Harrison.  Docket Item Nos.  2, 4, 7 and

20.  The Amended Complaint includes some factual allegation against the each of these

remaining Defendants.  The Court will address each factual allegation in turn.

        With respect to Defendant Perry, the Amended Complaint alleges that he

"allowed perjuries to be established at William [Leland's] bail hearing" and that the

"Bangor Daily News has printed Daniel Perry's version of the events and made William

[Leland] out to be a major ringleader of this big drug cartel with perjuries established."

Amended Complaint at 2.  With respect to Bangor Daily News and Judy Harrison, the

factual allegations are that "the Bangor Daily News has printed Daniel Perry's version of

events and made William [Leland] out to be a major ringleader of this big drug cartel"

and "[t]he photographer . . . took pictures . . . of my truck with the sign on the back . . .

and I was informed by Judy Harrison that I [would] get copies of the pictures if they

printed the story about me staging a protest in front of the Federal Building."  Amended

Complaint at 2.  Based on these allegations, the Amended Complaint asserts no viable

basis for liability, causation, or damages against Defendants Perry, Bangor Daily News, or Harrison.

The allegations concerning Defendant Largay are that attorney Largay was negligent in his defense of William Leland and that attorney Largay did not respond to Plaintiff's questions about William Leland's case, an alleged assault upon William Leland, the money order that the Plaintiff claims that he sent to William Leland, and the undelivered mail to William Leland.  Assuming the facts alleged are true, Plaintiff has no viable action against Christopher Largay.  The claim that attorney Largay was negligent in handling William Leland's case cannot be brought by this Plaintiff.  Based on these allegations, the Amended Complaint asserts no viable basis for liability, causation, or damages against Defendant Largay.

The allegations asserted against Defendants Costigan and Creamer fail to allege any connection between those Defendants and the incidents Plaintiff complains of in any way that would make them liable.  With respect to the padlock beating of William Leland, Plaintiff cannot assert Mr. Leland's claim.  With respect to the postage stamp incident, the only allegation made is that Plaintiff spoke with Defendant Costigan and that Costigan told Plaintiff that he should get any property back that he mails to an inmate that an inmate is not permitted to have.  There is no allegation that Costigan ever saw or handled Plaintiff's letter, that he generally handled the mail at the Maine State Prison or of any other cognizable factual predicate for liability on the part of this Defendant. Likewise, with respect to the money order incident, there are no specific allegations regarding either Defendants Costigan or Creamer.  The Amended Complaint alleges that Plaintiff was "informed . . . that Sgt. Jerry Creamer (who turned out to be Sgt. Ronald

Creamer) was not in that day but that he was in charge of handling Certified mail." There is no allegation that Defendant Creamer ever signed for, handled, opened or was otherwise connected with the loss of the certified letter Plaintiff sent.[6]  The Amended Complaint, therefore, asserts no viable basis for liability, causation or damages against Defendants Costigan or Creamer.

## II. CONCLUSION

Accordingly, the Court **ORDERS** that Plaintiff's Motion for Default be, and it is hereby, **DENIED**.  The Court further **ORDERS** that Defendants' Motions to Dismiss, be and they are hereby, **GRANTED.**


/s/ Gene Carter_____
GENE CARTER
Senior United States District Judge


Dated this 7th day of February, 2006.

---

[6] Plaintiff's original Complaint alleged that Defendant Creamer signed for the certified mail, however, the Amended Complaint alleges that Plaintiff "think[s] that the name [on the certified mail receipt] is Gerry Boutin [he] can't be sure of the writing."